IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LUDWIG BROWN                                                                          PETITIONER

VS.                                                               CIVIL ACTION NO. 3:17cv67-DPJ-FKB

WARDEN L. SHULTS                                                                      RESPONDENT

## REPORT AND RECOMMENDATION

Ludwig Brown is a federal inmate serving a 240-month sentence for a drug offense. He filed this petition pursuant to 28 U.S.C. § 2241 challenging a disciplinary proceeding in which he was found guilty and his resulting loss of 27 days of good time credit. The undersigned recommends that relief be denied.

The relevant events occurred while Brown was incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI Milan).[1] At 7:49 A.M. on July 21, 2015, a sexually-explicit email was sent from Brown's prison email account to a female education technician at the prison. Ms. A. Sautter, the education supervisor at FCI Milan, reviewed the email and issued an incident report charging Brown with a violation of Code 206 of the Inmate Disciplinary Code, making sexual proposals or threats to another. [11-3] at 2.[2] The incident report was referred for investigation by Lt. A.

---

[1] Brown filed this action while he was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. He is currently housed at the Federal Correctional Complex in Beaumont, Texas.

[2] The prison disciplinary process begins with the issuance of an incident report prepared by a prison staff person. The report is normally served on the inmate within 24 hours. The next step is the appointment of an investigating officer (a supervisory-level staff member) and an investigation by him. The investigation includes a meeting between the investigator and the inmate at which the inmate is given the opportunity to make a statement. The inmate has the right to remain silent; however, an adverse inference may be drawn against him for doing so. When the investigator has completed his investigation, he records the results of his investigation on the incident report and forwards it, along with any other relevant materials, to the Unit Disciplinary Committee (UDC). If the alleged offense is a low or moderate severity offense, the UDC may make a determination as to guilt. Where the UDC determines that the inmate did not commit the offense, the UDC expunges the report from the inmate's file. Alternatively, it may refer the

Bozeman, who delivered the incident report to Brown on July 21, 2015, the same date as the incident. *Id.*

A Unit Disciplinary Committee (UDC) hearing was held on July 23, 2015. [11-3] at 3. In response to questioning, Brown stated that he had left his unit during the 7:30 A.M. move to go to the recreation yard, and he surmised that he must not have logged off of the computer completely before he left and that someone else had used his account to send the email. *Id.* Because of the severity of the charge and pursuant to BOP policy, UDC referred the matter to the Disciplinary Hearing Officer (DHO), M. Puckett. *Id.* Notice of the DHO hearing was provided to Brown that same day. [11-5] at 2.

The hearing before the DHO was held on July 29, 2015. Prior to the hearing, Brown had requested that Counselor V. Bachman appear as his staff representative. Brown had asked Bachman to review security video tapes that Brown claimed would corroborate his statement, and he had identified two inmate witnesses. The representative obtained and submitted statements from the two witnesses for the hearing. In their statements, the witnesses stated that Brown had been with them in the recreation yard during the relevant time period. [11-1] at 3. The representative also reviewed the security camera recordings; however, he reported at the hearing that a positive identification had been impossible due to the position of the cameras and other

---

matter to the Discipline Hearing Officer (DHO). Referral to the DHO is automatic for high severity offenses. Where the matter is referred to the DHO, the UDC advises the inmate of his right to choose a staff representative for the hearing and to request witnesses. Following a hearing, the DHO issues a written decision. The decision may be appealed through the Administrative Remedy Program. *See generally* BOP Program Statement 5270.09 §§ 541.5-541.8.

factors.  [11-1] at 2.  In his statement at the hearing, Brown denied authorship of the email and stated that he had left his unit during the 7:30 A.M. move and had gone to the recreation yard.  [11-1] at 2.  He again suggested that he must have left his email account open and that someone else had used his account to send the email.  *Id.*

The DHO issued a written report on August 7, 2015.  [11-1] at 2.  He found, based upon the evidence, that Brown had violated Code 206.  The DHO stated that in reaching his decision, he had considered Brown's statements and those of his two witnesses but that he had given greater weight to the documentary evidence indicating that Brown had sent the email.  [11-1] at 5.  The DHO imposed a sanction that included a 27-day disallowance of good-conduct time.  *Id.*

Brown makes essentially two arguments in support of his petition:  That he received insufficient notice of the charge, and that the evidence against him was insufficient to support the DHO's finding.  The specifics of his notice argument are not set out in his petition or supporting memorandum; he complains only that he did not receive copies of all the documents relied upon by the DHO.  However,  Brown's reply clarifies that his specific contention is that he did not receive a copy of the actual email prior to the DHO hearing and was therefore unable to properly prepare for the hearing.

The requirements for a prison disciplinary proceeding resulting in the loss of good conduct time, which the Supreme Court outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974), are (1) written notice to the inmate of the charges at least 24 hours prior to the disciplinary hearing; (2) an opportunity "to call witnesses and present evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety

3

or correctional goals"; (3) the aid of a fellow inmate or staff member if the inmate is illiterate or the issue is complex; (4) an impartial decision-maker; and (5) a written statement by the fact finder as to the evidence relied upon and the reasons for the decision.  *Wolff*, 418 U.S. at 563-70.  While Brown may not have a copy of the actual email prior to the hearing, he nevertheless received clear notice of the charge, as the incident report quoted the content of the email verbatim.  Brown has not identified any information in the actual email, but not in the incident report, that would have helped him defend against the charge.  Brown's claim that he did not receive the notice required by *Wolff* is without merit.

Brown also complains that the incident report provided insufficient notice because it did not identify him as the person sending the email.  The incident report was directed at Brown and stated that the email at issue was received from Brown. This allegation is baseless.

Brown's remaining arguments consist of an attack on the sufficiency of the evidence.  Brown's position appears to be that  because there was no direct, conclusive evidence that it was he who sent the email, the DHO should not have found that he did so.

A court's review of a DHO's decision is limited by the deferential standard of *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985), which requires merely that there be "some evidence" to show that the inmate committed the offense.  *Id.* at 455.  "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of

the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . ." *Id*. at 455-56. If there is "some evidence" to support the decision, it must be upheld even if the evidence is "meager." *Id*. at 456. Thus, this court's analysis requires only an examination of the evidence supporting the DHO's decision. That evidence consists of an email that originated from Brown's account and which violated Code 206. Clearly, the existence of the email satisfies the "some evidence" standard.

The undersigned concludes that the decision of the DHO was supported by some evidence and that Brown received all the notice to which he was entitled. Accordingly, the undersigned recommends that habeas relief be denied

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of April, 2019.

                                                s/ F. Keith Ball
                                                United States Magistrate Judge